**XUE ZHU HE, Petitioner,**

v.

**Alberto GONZALES,[1] Attorney General of the United States, Respondent.**

**No. 04–5354–AG.**

United States Court of Appeals, Second Circuit.

July 14, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Vlad Kuzmin, Kuzmin & Associates, New York, NY, for Petitioner.

Ernest F. Batenga, Assistant United States Attorney, for Anthony J. Jenkins, United States Attorney for the District of the Virgin Islands, Christiansted, St. Croix, U.S. Virgin Islands, for Respondent.

Present JOSÉ A. CABRANES, ROBERT D. SACK, and ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION** of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is hereby **GRANTED** in part, the BIA's order is **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this opinion.

Xue Zhu He, a native and citizen of the People's Republic of China, petitions through counsel for review of a BIA decision affirming the decision of immigration judge ("IJ") Theresa Holmes–Simmons denying He's claims for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, we review the opinion of the IJ. *Ming Xia Chen v. Board of Immigration Appeals,* 435 F.3d 141, 144 (2d Cir.2006). We review the BIA's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

■ We do not review the IJ's determination that He is ineligible for asylum because he failed to file his application within the one-year limitations period, as we lack jurisdiction to review such determinations, *see* 8 U.S.C. § 1158(a)(3), unless we are presented with a question of statutory construction or constitutional interpretation. *See* 8 U.S.C. § 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434

F.3d 144, 153–54 (2d Cir.2006). Because He's brief on appeal presents no such question—and in fact, fails to address the time-bar finding at all—we lack jurisdiction to review that decision.

■ He's claims with respect to his applications for withholding for removal and CAT relief are unaffected by the one-year time bar, and upon reviewing these claims, we find serious error in the administrative proceedings. The IJ appears to have denied these applications because she found He's testimony incredible, stating simply, "I do not find his testimony to be quite compelling. There are portions which are believable and portions which are clearly not." JA 37. Nowhere does the record reveal which portions of He's testimony the IJ found incredible, or what inconsistencies, perceived implausibilities, or observations of He's demeanor may have supported that finding. This cursory treatment of He's claim was plainly insufficient. As we have previously explained, "[w]hen an IJ rejects an applicant's testimony, the IJ must provide specific, cogent reasons for doing so. Those reasons must bear a legitimate nexus to the finding, and must be valid grounds for disregarding an applicant's testimony." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (citations and quotation marks omitted). The IJ's decision violated each of these tenets. It did not provide *any* reason for rejecting He's testimony, let alone one that was specific and cogent. Because we do not know what reason prompted the IJ's adverse credibility determination, we cannot know whether it bore a legitimate nexus to that finding. We also cannot discern whether the IJ relied on a valid ground in rejecting He's testimony, or whether her decision rested instead on improper speculation or an inaccurate reading of the record. *See Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). In short,

because the IJ did not provide any rationale for rejecting He's testimony as incredible, we are unable to review that finding to determine whether it is supported by substantial evidence. Accordingly, we are compelled to vacate the BIA's decision to the extent that it denied He's applications for withholding of removal and CAT relief, and remand this case for further proceedings consistent with our precedents and amenable to judicial review.

We have also considered whether the IJ's opinion could be read to suggest that the IJ found the petitioner incredible solely because the petitioner failed to produce documentary evidence corroborating his testimony that: (1) he was arrested; (2) his father paid a bribe to Chinese officials to secure his release; and (3) he signed a confession. If this is the case, remand also must follow because the IJ failed to explain why the missing documents were reasonably available to the petitioner. *See, e.g, Xiao Ji Chen*, 434 F.3d at 164 (the "requirement for corroborative documents' 'identification' and 'availability' ... pertains when the IJ or BIA cites inadequate corroboration as a basis for denying [relief] to an applicant who is *otherwise credible.*") (internal quotation marks and citations omitted; emphasis in original). This is particularly so given that the petitioner *did* produce a letter from his mother that tended to corroborate his statements that he was arrested for practicing Falun Gong and that his father paid a bribe to secure his release. The IJ initially acknowledged the existence of this letter, but then appears to have discounted its probative value, again without explanation. ("He has the one letter from his mother. He has no other documents to prove he was ever arrested, ever detained, ever beaten, ever held against his will. It is his testimony *alone* which the Court must decide this issue on.") (emphasis added).

These shortcomings in the IJ's assessment of the petitioner's credibility matter because—if believed—He's account of arrest, detention and torture by electric shock might be sufficient to establish his entitlement to withholding of removal or CAT relief. Under these circumstances, we cannot state with confidence that the IJ would have reached the same conclusion in the absence of the errors outlined above. *See Xiao Ji Chen*, 434 F.3d at 162. We therefore **GRANT** He's petition for review in part and **REMAND** this case to the BIA for further proceedings consistent with this opinion. Having completed our review, any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).